UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------

JESSIE MCINTYRE,

                Plaintiff,

                            AMENDED VERIFIED COMPLAINT

   - vs -

                            Civil Case No. 16-cv-6408

CITY OF ROCHESTER,
ROCHESTER POLICE DEPARTMENT,
ROCHESTER POLICE OFFICER JOEL HASPER,
ROCHESTER POLICE OFFICER JAMEL MATTOX,
ROCHESTER POLICE CHIEF MICHAEL CIMINELLI,
and other unnamed officers,

                Defendants.

PLAINTIFF DEMANDS A TRIAL BY JURY
-----------------------------------------------------------------

## COMPLAINT

This action is brought pursuant to 42 U.S.C. Sections 1983 and 1988 and the Fourth and Fourteenth Amendments to the United States Constitution. The court has jurisdiction of this action under 42 U.S.C. Section 1983, 28 U.S.C. Section 1343, and 28 U.S.C. Section 1331.

### PARTIES

1. Plaintiff is a resident of the County of Monroe, State of New York and the United States of America.

2. At all times referred to herein, defendants JOEL HASPER and JAMEL MATTOX were police officers employed by the City of Rochester.

-1-

3. At all times referred to herein, defendants Doe No. 1, Doe No. 2, and Doe No. 3 were police officers employed by the City of Rochester, whose names and identities remain unknown at this time.

4. Defendant MICHAEL CIMINELLI was, at all times referred to herein, Chief of Police for the City of Rochester, and as such, he was the commanding officer of defendants JOEL HASPER and JAMEL MATTOX, Doe No. 1, Doe No. 2, and Doe No. 3, and was responsible for the training, supervision, and conduct of defendants JOEL HASPER and JAMEL MATTOX, Doe No. 1, Doe No. 2, and Doe No. 3, as more fully set forth below. Defendant MICHAEL CIMINELLI is further responsible by law for enforcing the regulations of the City of Rochester and for ensuring that City of Rochester police officers obey the laws of the State of New York and the United States of America.

5. Defendant City of Rochester is a municipal corporation, organized and existing under the laws of the State of New York.

6. Plaintiff sues all defendants in their individual capacities.

7. At all times referred to herein, defendants JOEL HASPER, JAMEL MATTOX, MICHAEL CIMINELLI, Doe No. 1, Doe No. 2, and Doe No. 3, acted under color of the laws, statutes, ordinances, regulations, policies, customs, and usages of the State of New York and the City of Rochester.

8. On or about December 23, 2015, plaintiff was sitting on a porch at a residence on Conkey Avenue within the City of

-2-

Rochester when a RPD car containing defendants JOEL HASPER and JAMEL MATTOX stopped and then initiated questioning plaintiff for an "open container" violation.

9. Upon police questioning by police officers, plaintiff tried to flee the scene, and was pursued on foot by defendants JOEL HASPER and JAMEL MATTOX.

10. Plaintiff was apprehended by JOEL HASPER and JAMEL MATTOX in a backyard area of a Conkey Avenue residence. At that location, while handcuffed behind his back, and face-down on the ground, Plaintiff was intentionally and purposefully brutally attacked and beaten by RPD officers, who repeatedly punched him in his head and face. Plaintiff was also "tazed" multiple times, without justification or provocation.

11. Once Plaintiff had been stopped from fleeing the scene, he made no attempt to escape from defendants JOEL HASPER and JAMEL MATTOX or otherwise resist defendants JOEL HASPER and JAMEL MATTOX attempt to place plaintiff in custody.

12. Defendants Doe No. 1, Doe No. 2, and Doe No. 3 then assisted and joined JOEL HASPER and JAMEL MATTOX in striking plaintiff with their Tazers, nightsticks, flashlights, and fists while plaintiff was on the ground.

13. After plaintiff was handcuffed and not posing any threat to defendants JOEL HASPER and JAMEL MATTOX, Doe No. 1, Doe No. 2, and Doe No. 3, they continued to strike plaintiff with their Tazers, nightsticks, flashlights, and fists.

COUNT I

For his cause of action against defendants JOEL HASPER and JAMEL MATTOX, Doe No. 1, Doe No. 2, and Doe No. 3 in Count I, plaintiff states:

14. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 13 of this complaint as though fully set forth herein.

15. As a direct and proximate result of the above-referenced unlawful and malicious physical abuse of plaintiff by defendants JOEL HASPER and JAMEL MATTOX, Doe No. 1, Doe No. 2, and Doe No. 3 committed under color of law and under their authority as City of Rochester police officers, plaintiff suffered grievous bodily harm and was deprived of his right to be secure in his person against unreasonable seizure of his person, in violation of the Fourth and Fourteenth Amendments of the Constitution of the United States.

16. As a direct and proximate result of the malicious and outrageous conduct of defendants JOEL HASPER and JAMEL MATTOX, Doe No. 1, Doe No. 2, and Doe No. 3 as set forth above, plaintiff suffered severe and permanent injuries and damages including nerve damage to his arms, hands and legs; multiple Tazer wounds all over his body, and head; blunt trauma injuries including severe bruises, contusions, and abrasions on his head, face, neck, shoulders, back, arms, knees, and legs; lacerations on his wrists; and muscular sprain and strain to his neck and back. Plaintiff's body was rendered weak, stiff, sore, painful, and causing plaintiff great

anguish, fear, and consternation. Additionally, plaintiff has suffered special damages in the form of medical expenses and lost wages and will suffer additional special damages in the future in an amount which cannot yet be determined.

17. The acts of defendants JOEL HASPER and JAMEL MATTOX, Doe No. 1, Doe No. 2, and Doe No. 3 as set forth above were intentional, wanton, malicious, and oppressive, thus entitling plaintiff to an award of punitive damages.

COUNT II

For his cause of action against defendants MICHAEL CIMINELLI and City of Rochester, plaintiff states:

18. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 17 of this complaint as though fully set forth herein.

19. Prior to the incident involving plaintiff, Chief of Police MICHAEL CIMINELLI had learned of several previous incidents involving defendants JOEL HASPER and JAMEL MATTOX, Doe No. 1, Doe No. 2, and Doe No. 3 wherein those officers had used unreasonable force on others that they had arrested. MICHAEL CIMINELLI took no action to discipline defendants JOEL HASPER and JAMEL MATTOX, Doe No. 1, Doe No. 2, and Doe No. 3 or to order them not to repeat such incidents, thus tacitly authorizing such conduct. If MICHAEL CIMINELLI had taken such remedial action, the beating of plaintiff would not have occurred.

20. The City Council of Rochester is vested by state law with the authority to make policy for the city on the use of force in

making arrests. The City Council members were aware of a pattern of excessive force by police officers employed by the City of Rochester; they were aware that the city's policies regarding the discipline of officers accused of excessive force were so inadequate that it was obvious that a failure to correct them would result in further incidents of excessive force; and the failure to correct said policies caused the excessive force to be used upon plaintiff as set forth above. The allegations in this paragraph are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

21. At all times relevant to this complaint, defendants JOEL HASPER and JAMEL MATTOX, Doe No. 1, Doe No. 2, and Doe No. 3, as police officers of the City of Rochester, were acting under the direction and control of defendants Chief of Police MICHAEL CIMINELLI and the City of Rochester, and were acting pursuant to the official policy, practice, or custom of the City of Rochester.

22. Acting under color of law and pursuant to official policy, practice, or custom, defendants Chief of Police MICHAEL CIMINELLI and the City of Rochester intentionally, knowingly, and recklessly failed to instruct, supervise, control, and discipline, on a continuing basis, defendants JOEL HASPER and JAMEL MATTOX, Doe No. 1, Doe No. 2, and Doe No. 3 in their duties to refrain from unlawfully and maliciously assaulting and beating citizens and otherwise using unreasonable and excessive force before, during, or after the making of an arrest.

23. Acting under color of law and pursuant to official policy, practice, or custom, defendants MICHAEL CIMINELLI and the City of Rochester intentionally, knowingly, and recklessly failed to instruct, train, and supervise defendants JOEL HASPER and JAMEL MATTOX, Doe No. 1, Doe No. 2, and Doe No. 3 on a continuing basis in the correct procedure for making an arrest, for securing a prisoner who has been subdued and handcuffed, and for the proper use of a Tazer, baton or flashlight.

24. Defendants MICHAEL CIMINELLI and the City of Rochester had knowledge, or, had they diligently exercised their duties to instruct, supervise, control, and discipline on a continuing basis, should have had knowledge that the wrongs which were done, as heretofore alleged, were about to be committed. Defendants MICHAEL CIMINELLI and the City of Rochester had power to prevent or aid in preventing the commission of said wrongs, could have done so by reasonable diligence, and intentionally, knowingly, or recklessly failed or refused to do so. The allegations in this paragraph are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

25. Defendants MICHAEL CIMINELLI and the City of Rochester directly or indirectly, under color of law, approved or ratified the unlawful, deliberate, malicious, reckless, and wanton conduct of defendants [Defendant No. 1], Doe No. 1, Doe No. 2, and Doe No. 3 heretofore described. The allegations in this paragraph are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

26. As a direct and proximate result of the acts of defendants MICHAEL CIMINELLI and the City of Rochester as set forth herein, plaintiff suffered physical injury, medical expenses, lost wages, and severe mental anguish in connection with the deprivation of his constitutional rights guaranteed by the Fourth and Fourteenth Amendments to the Constitution of the United States and protected by 42 U.S.C. Section 1983.

27. The acts of defendant MICHAEL CIMINELLI as set forth above were wanton, malicious, and oppressive, thus entitling plaintiff to an award of punitive damages.

WHEREFORE, plaintiff respectfully prays judgment as follows: 1. For compensatory damages against all defendants in an amount proved at trial; 2. For exemplary and punitive damages against defendants JOEL HASPER, JAMEL MATTOX, MICHAEL CIMINELLI, Doe No. 1, Doe No. 2, and Doe No. 3 in an amount to be proven at trial; 3. For costs of suit herein, including plaintiff's reasonable attorney's fees; and 4. For such other and further relief as the court deems proper.

DATED: Rochester, New York
       November 22, 2016

Yours, etc.
LELAND T. WILLIAMS, ESQ.
Attorney for Plaintiff
95 Allens Creek Road
Building 1, Suite 107
Rochester, NY 14618
Telephone: (585) 292-1110
lelandtwms@hotmail.com

To: THE CITY OF ROCHESTER
    Department of Law
    City Hall Room 400A
    30 Church Street
    Rochester, NY 14614-1295

VERIFICATION

STATE OF NEW YORK)
COUNTY OF MONROE ) ss.:

JESSIE MCINTYRE, being duly sworn, deposes and says:

1. Deponent is the Plaintiff in the within action;
2. Deponent has read the foregoing **AMENDED VERIFIED J.M.** Com[p;laint and knows the content thereof; the same is true to deponent's own knowledge, except as to those matters stated therein to be based upon information and belief, and as to those matters, deponent believes them to be true.

*Jessie McIntyre*
JESSIE MCINTYRE

Sworn to before me this
22nd day of November, 2016.

*[signature]*
NOTARY PUBLIC

LELAND T. WILLIAMS
Notary Public, State of New York
Monroe County
Commission Expires Jan. 31, 2019

-9-